■ DALE A. HENRY et al., Respondents, v GENERAL MOTORS CORPORATION, CHEVROLET MOTOR DIVISION, et al., Appellants. (Appeal No. 1.) [609 NYS2d 711] —Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: A 10-wheel tank truck manufactured by defendant General Motors Corporation (defendant) and operated by plaintiff Dale A. Henry (plaintiff) flipped over after plaintiff failed to negotiate a curve at the bottom of a hill on Dake Road in Otto. Plaintiff sustained serious hip injuries and commenced this lawsuit. The sole theory of liability advanced at trial was that the accident was caused by a manufacturing defect in the truck's braking system. The jury returned a verdict in favor of plaintiff for $882,476.36, and in favor of plaintiff's wife on her derivative cause of action for $20,000.

In order to establish a prima facie case in a products liability case alleging a manufacturing defect, plaintiff must prove, *inter alia,* that the product did not perform as intended and that the product was defective when it left the manufacturer's control *(see, Rosado v Proctor & Schwartz,* 66 NY2d 21, 25; *Codling v Paglia,* 32 NY2d 330). In a case based entirely upon circumstantial evidence, the jury may infer that the product was defective when it left the manufacturer's control only if plaintiff excludes all causes of the accident not attributable to defendant *(Halloran v Virginia Chems.,* 41 NY2d 386, 388; *Shelden v Hample Equip. Co.,* 89 AD2d 766, *affd* 59 NY2d 618).

Plaintiff offered no direct evidence of a defect in the braking system and, instead, attempted to prove the existence of a defect by circumstantial evidence. The evidence at trial showed that the truck was more than one year old, had been driven over 75,000 miles, and had been driven 16,000 miles since it was last serviced. Plaintiff presented no expert testi-

mony that the accident was caused by a manufacturing defect in the truck's braking system. Instead, plaintiff attempted to establish a prima facie case by proof of the occurrence of the accident, by his testimony that the brakes failed suddenly, and by the testimony of Allen Engels, co-owner of the corporation employing plaintiff, that "something had to fail." Engels, who with his brother performed all of the truck maintenance, admitted, however, that the accident could have occurred in the absence of a defect in the braking system, and may have been caused by operator error, excessive speed or brake maladjustment.

Defendant introduced expert testimony that brake maladjustment was the cause of the accident, that the brakes should have been checked every 6,000 miles, and that, if the brakes were out of adjustment, the driver may have thought that he "lost his brakes." In rebuttal, plaintiff offered only his testimony that, in his experience, maladjusted brakes did not fail suddenly.

Plaintiff's failure to "come forward with some direct proof of the cause of the accident" *(Fox v Corning Glass Works,* 81 AD2d 826), at least by excluding all causes of the accident not attributable to defendant *(see, Halloran v Virginia Chems., supra; see also, Shelden v Hample Equip. Co., supra),* permitted the jury to base its verdict "on pure conjecture as to the cause of the accident and * * * [it] cannot be allowed to stand" *(Fox v Corning Glass Works, supra,* at 826; *see also, Cohen v Hallmark Cards,* 45 NY2d 493, 499). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Negligence.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ. [As amended by unpublished order entered Apr. 15, 1994.]