■ GEORGE LARKIN TRUCKING Co. et al., Respondents, v LISBON TIRE MART, INC., Appellant. [620 NYS2d 654] —Judgment unanimously affirmed with costs. Memorandum: Alleging causes of action sounding in negligence, strict products liability, and breach of warranty, plaintiffs instituted this action seeking recovery for truck engine damage and consequential business interruption losses allegedly caused by defendant's sale of a defective 55-gallon drum of motor oil. Defendant appeals from a judgment, entered following a jury trial on the issue of liability only, that determined defendant to be 100% liable on all three theories. Defendant contends that the proof was insufficient to establish that the drum of oil was defective at the time it left defendant's control, or that such defect was the result of defendant's negligence. Defendant also contends that the court erred in refusing its request for a "missing evidence" instruction.

We conclude that the evidence, viewed in the light most

favorable to plaintiffs, was insufficient to establish a lack of due care on defendant's part, and therefore the issue of negligence should have been resolved by the jury in defendant's favor. Nevertheless, the evidence was sufficient to enable the jury to infer that the product was defective and unfit when sold by defendant. Thus, we affirm the judgment finding defendant liable. Plaintiffs were required to establish that they were damaged as a result of a defect in a product placed into commerce by defendant and that the product was defective when it left defendant's hands (see, Rosado v Proctor & Schwartz, 66 NY2d 21, 25; Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106-107; Robinson v Reed-Prentice Div., 49 NY2d 471, 479). A plaintiff in a strict products liability action may predicate its claim entirely upon circumstantial evidence (Halloran v Virginia Chems., 41 NY2d 386, 388; Codling v Paglia, 32 NY2d 330, 337-338, 342; 1 Weinberger, New York Products Liability §§ 14:08.50, 20:03, 20:04). A plaintiff need not adduce direct evidence of a specific defect, but, depending on the circumstances, may rest on proof that the product did not perform as intended by the manufacturer (Codling v Paglia, supra; Landahl v Chrysler Corp., 144 AD2d 926, 927). Evidence that the product malfunctioned during normal use will permit the jury to infer that the product or its packaging was defective when it left defendant's hands (Fox v Corning Glass Works, 81 AD2d 826; see, Halloran v Virginia Chems., supra).

Here, proof that all four of plaintiffs' trucks experienced engine problems within a short time of the oil changes, together with test results showing an unacceptable concentration of water in various samples of the oil, established that the oil was not in a condition anticipated by defendant and plaintiffs and that it did not perform in the manner intended. Similarly, the evidence supported the inference that the oil was defective at the time it left defendant's hands. The drum was sealed before it was sold by defendant and remained sealed until plaintiffs tapped the drum several months later in order to change the oil in the vehicles. Plaintiffs established the regularity of their oil changing procedures and the impossibility that the oil was contaminated by water during that process. Although defendant posits other hypotheses, we conclude that they must be rejected as either not logically supported by the evidence or not absolving defendant of responsibility.

We conclude that the court properly denied defendant's request for a "missing evidence" instruction. Defendant failed to show that the evidence in question actually existed and

that it was under the control of plaintiffs *(see, Scaglione v Victory Mem. Hosp.,* 205 AD2d 520). (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Negligence.) Present—Green, J. P., Wesley, Callahan, Doerr and Boehm, JJ.