■ JERRY W. TAFT et al., Respondents, v SPORTS PAGE SHOP, INC., et al., Appellants. [640 NYS2d 698] —Casey, J. Appeal from

---

an order of the Supreme Court (Dier, J.), entered May 12, 1995 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Jerry W. Taft (hereinafter plaintiff) sustained serious injuries when he fell while skiing at Gore Mountain Ski Center in Warren County. According to plaintiff, the binding of his right ski prematurely released as he was skiing down a trail, causing him to lose control and fall. The bindings were distributed in the United States by defendant Atomic Ski, USA, Inc. Plaintiff purchased the bindings, along with a new pair of skis, from defendant Sports Page Shop, Inc. about one month before the accident.

Plaintiff and his wife commenced this action against defendants to recover damages which arose out of the injuries sustained in plaintiff's fall. The theories of liability asserted in the amended complaint include breach of express and implied warranties and strict products liability. After issue was joined and discovery was conducted, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, resulting in this appeal by defendants.

Defendants present a number of arguments in support of their claim that their motion for summary judgment should have been granted. The focus of the arguments is the issue of whether the bindings were defective and/or failed to perform as intended. The essence of defendants' arguments is that they submitted sufficient evidence to demonstrate that the bindings were not defective and performed as intended, and that plaintiffs failed to submit sufficient admissible evidence to meet their burden of demonstrating a triable issue of fact regarding the existence of a defect in the bindings.

Upon a review of the record, we reject defendants' claim of entitlement to summary judgment because we find a clear question of fact on the issue of whether the bindings were defective due to their failure to perform as intended. The reply affidavit of defendants' expert states that current binding-boot systems are designed to have both a release function and a retention function. The release function, according to the expert, "is intended to provide a degree of protection to the mid-shaft region of the tibia from the danger of the ski acting as a lever in bend or twist". The expert describes the retention function as "intended to provide a rigid coupling between the skier and the ski so that the skier might make the ordinary maneuvers associated with skiing, such as turning, traversing, straight running, stopping, etc. Such maneuvers require the transmission of loads back and forth between the ski and the skier and

*at those times, the skier would not want to have the ski come uncoupled from the ski boot"* (emphasis supplied). Plaintiff's description of the accident is sufficient to demonstrate that his ski came uncoupled from his ski boot while he was engaged in the ordinary maneuvers associated with skiing.

According to plaintiff's affidavit, he is an experienced skier, having been certified as a ski instructor for a number of years. The accident happened while he was skiing down a trail on "lower level intermediate terrain", which was relatively flat and well-groomed. He had "just completed a left-hand turn, and was about to begin a right-hand turn, when his ski suddenly came off (prematurely released), without reason". Plaintiff's affidavit, when read in conjunction with the reply affidavit of defendants' expert, is sufficient to raise a question of fact as to whether the binding failed to perform its intended retention function during ordinary maneuvers associated with skiing.

"A plaintiff need not adduce direct evidence of a specific defect, but, depending on the circumstances, may rest on proof that the product did not perform as intended by the manufacturer" (*Larkin Trucking Co. v Lisbon Tire Mart*, 210 AD2d 899, 900). Defendants contend that in order to rely on circumstantial evidence of a defect in the bindings due to their failure to perform as intended, plaintiff must exclude all causes of the accident not attributable to defendants. Plaintiff clearly bears the ultimate burden of proof on that issue at trial (*see, Henry v General Motors Corp.*, 201 AD2d 949, *lv denied* 84 NY2d 803). In the context of this summary judgment motion, however, defendants, as the parties seeking the relief, bore the initial burden of demonstrating their entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Defendants' only claim as to the cause of the accident is that it could have been attributable to the release function. The claim is pure speculation. There is no evidence in the record that the mid-shaft region of the tibia of plaintiff's right leg was exposed to any danger of the ski acting as a lever in bend or twist which, according to defendants' expert, would create the proper conditions for the binding to perform its release function. In any event, plaintiff submitted evidence which tends to exclude the binding's release function as a cause of the accident. Based upon plaintiff's description of the accident, a jury could reasonably conclude that plaintiff was engaged in the ordinary maneuvers associated with skiing which, according to defendants' expert, created the proper conditions for the binding to perform its retention function and not its release function.

The evidence in the record establishes that defendants are not entitled to summary judgment and, therefore, Supreme Court's order should be affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.