■ Patrick Nichols et al., Respondents, v Agway, Inc., Doing Business as Agway Energy Products, Appellant and Third-Party Plaintiff-Appellant. Nordyne Corporation et al., Third-Party Defendants-Respondents. (Appeal No. 2.) [720 NYS2d 691] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages arising out of a fire that destroyed their mobile home on October 15, 1990. Plaintiffs allege that the fire was caused by a gas-fired hot water heater that they leased from defendant. The hot water heater was installed in plaintiffs' home by defendant on February 17, 1989. Plaintiffs allege that the heater malfunctioned, causing gas to leak, and that the gas was then ignited by the pilot flame of the heater. The complaint alleges causes of action for negligence, strict products liability, and breach of warranty.

Defendant commenced a third-party action against third-party defendants, the manufacturer and distributor who delivered the hot water heater to defendant, alleging that any damages resulting from the fire were caused by their negligence and breach of warranty and that they were strictly liable for plaintiffs' damages. Defendant sought contribution and indemnification. Third-party defendants moved for summary judgment dismissing the third-party complaint, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court properly granted the motion of third-party defendants but erred in denying defendant's cross motion in its entirety. The court should have granted that part of defendant's cross motion seeking summary judgment dismissing the strict products liability cause of action.

Plaintiffs' burden at trial to establish a prima facie case of strict products liability based on a manufacturing defect is to prove, *inter alia*, that the product did not perform as intended and that the product was defective when it left the manufacturer's control (*see, Rosado v Proctor & Schwartz*, 66 NY2d 21, 25-26; *Codling v Paglia*, 32 NY2d 330; *Henry v General Motors Corp.*, 201 AD2d 949, *lv denied* 84 NY2d 803). In a case such as this, based entirely upon circumstantial evidence, it may be inferred that the product was defective when it left the manufacturer's control only if plaintiffs exclude all causes of the accident not attributable to the manufacturer (*see, Halloran v Virginia Chems.*, 41 NY2d 386, 388; *Henry v General Mo-*

*tors Corp., supra,* at 949). It is well settled that distributors of defective products, as well as retailers and manufacturers, are subject to strict products liability (*see, Harrigan v Super Prods. Corp.*, 237 AD2d 882, 883; *Giuffrida v Panasonic Indus. Co.*, 200 AD2d 713, 715).

We agree with the court's determination that third-party defendants submitted competent proof establishing that the hot water heater was manufactured in accordance with all applicable national standards and that plaintiffs failed to exclude all other causes of the accident not attributable to third-party defendants. The court properly concluded that there is nothing in the record from which it may reasonably be inferred that the hot water heater was defective when it left the possession of the manufacturer or distributor (*see, James v Harry Weinstein, Inc.*, 258 AD2d 562). We further agree that third-party defendants did not breach a duty to warn because it was established that there was no requirement that a direct vent heater be installed in a ventilated room. Therefore, third-party defendants were properly entitled to summary judgment dismissing the third-party complaint (*see, James v Harry Weinstein, Inc., supra*). The parties agree that defendant, as the lessor of the hot water heater, stands in the shoes of the manufacturer with respect to the strict products liability cause of action. Therefore, that cause of action against defendant must likewise fail. Thus, we modify the order by granting defendant's cross motion in part and dismissing the strict products liability cause of action.

The court properly denied that part of defendant's cross motion seeking summary judgment dismissing the negligence cause of action. Plaintiffs assert that defendant was negligent in its installation and maintenance of the hot water heater, which resulted in a gas leak in the pilot light tubing that caused the fire. Defendant met its initial burden by submitting the affidavit of its employee who installed the hot water heater; the employee averred that he installed the hot water heater in conformance with the manufacturer's instructions and performed "leak tests" to check for gas leaks. Plaintiffs, however, raised a triable issue of fact by submitting the affidavits of two experts stating that, in their opinion, a failure at the pilot light tube was the competent producing cause of the fire (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). That proof was sufficient to raise a triable issue of fact whether defendant was negligent in its installation and maintenance of the hot water heater. (Appeal from Judgment of Supreme Court, Steuben County, Bradstreet, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner and Lawton, JJ.