■ WILFRIED KOEHLER, Respondent, v MIDTOWN ATHLETIC CLUB, LLP, et al., Appellants. [864 NYS2d 823]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 22, 2007 in a personal injury action. The order granted plaintiff's motion to strike defendants' answer and for partial summary judgment on liability in favor of plaintiff as sanctions for spoliation of evidence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the sanctions imposed, reinstating the answer, and granting plaintiff an adverse inference charge and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when his foot became entangled in a net while playing tennis at a facility owned and operated by defendants. Plaintiff's attorney notified defendants that the net was important to the litigation and requested that it be preserved, and plaintiff, as well as defendants' insurer, photographed the net. Nevertheless, defendants failed to preserve the net, and plaintiff moved to strike defendants' answer and for partial summary judgment on liability in favor of plaintiff as sanctions for spoliation of evidence. On the record before us, we conclude that plaintiff established that spoliation had occurred and thus that some sanction was warranted, but we agree with defendants that Supreme Court abused its discretion in granting plaintiff the relief sought (*see Tomasello v 64 Franklin, Inc.*, 45 AD3d 1287, 1288 [2007]; *Enstrom v Garden Place Hotel*, 27 AD3d 1084, 1085 [2006]). We therefore modify the order accordingly.

"A party seeking a sanction pursuant to CPLR 3126 such as preclusion or dismissal is required to demonstrate that 'a litigant, intentionally or negligently, dispose[d] of crucial items of evidence . . . before the adversary ha[d] an opportunity to inspect them' . . . , thus depriving the party seeking a sanction of the means of proving his claim or defense. The gravamen of this burden is a showing of prejudice" (*Kirschen v Marino*, 16 AD3d 555, 555-556 [2005]). Here, plaintiff is able to testify at trial that he fell when his foot became entangled in the net and, indeed, he testified at his deposition with respect to the cause of the accident. Furthermore, both plaintiff and defendants photographed the holes in the net in question, and those photographs are available to plaintiff to support his contention that defendants had constructive notice of the alleged dangerous condition, i.e., holes in the net in which a person playing tennis could become entangled (*see generally Morgan v State of New York*, 90 NY2d 471, 488 [1997]). Thus, we conclude that, "[u]nder all the relevant circumstances, neither striking the answer nor precluding defendant[s] from offering evidence at trial is warranted" (*Quinn v City Univ. of N.Y.*, 43 AD3d 679, 680 [2007]). Rather, we conclude that an adverse inference charge against defendants is a more appropriate sanction. We therefore further modify the order accordingly. Present—Hurlbutt, J.P., Centra, Green and Pine, JJ.