# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

106
CA 15-01168
PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

FRANK J. MAHIQUES AND DIANNE MAHIQUES,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

COUNTY OF NIAGARA, ET AL., DEFENDANTS,
AND IGT, DEFENDANT-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANT-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from a revised final judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 6, 2015 in a personal injury action. The revised final judgment, among other things, awarded plaintiffs the sum of $187,500.

It is hereby ORDERED that the revised final judgment so appealed from is unanimously vacated, the order entered July 10, 2012 is vacated and the order entered March 22, 2012 is modified on the law by vacating the sanctions imposed, the answer of defendant IGT is reinstated, and plaintiffs are granted an adverse inference charge against defendant IGT as a sanction for the spoliation of evidence, and as modified the order is affirmed without costs in accordance with the following memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Frank J. Mahiques (plaintiff) when he was struck by a pane of glass that fell from a video slot machine at a casino. Plaintiffs moved, inter alia, to strike defendant IGT's answer as a sanction for spoliation with respect to the destruction of the machine. Supreme Court granted the motion and, as sanctions, struck IGT's answer and granted plaintiffs partial summary judgment on liability (March order). In a later order (July order), the court denied IGT's motion for, inter alia, leave to renew its opposition to plaintiffs' motion for spoliation sanctions. IGT now appeals from the ensuing judgment, which brings up for review the March order and the July order (*see* CPLR 5501 [a] [1]). We agree with IGT that the court abused its discretion in its choice of sanctions.

Although we agree with plaintiffs that a spoliation sanction was warranted, under the circumstances presented we conclude that the court abused its discretion in striking IGT's answer and granting

plaintiffs partial summary judgment on liability. The accident occurred on December 16, 2005, and plaintiff commenced this action in 2007 against the John Doe Corporation and several other defendants, including the Seneca Nation of Indians, the Seneca Gaming Corporation, and the Seneca Gaming Authority (collectively, casino defendants), who owned and operated the casino at issue. The action was dismissed against the casino defendants based on their sovereign immunity, which is not at issue in this appeal. IGT was substituted as a defendant in place of John Doe Corporation, and was served with the "supplemental complaint" (complaint) in 2008, which alleged, inter alia, that IGT negligently designed, manufactured, marketed, sold, and serviced the subject machine. Plaintiffs did not request that IGT maintain the condition of the subject machine until August 2010, however, and they did not seek to examine it until 2011. IGT then informed plaintiffs that the machine was one of several video slot machines that had been removed from the casino in 2008 at the casino defendants' request to create more open space in the casino, and that the subject machine and approximately 140 other machines were scrapped in the normal course of business in June 2008.

" 'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126' . . . 'The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence' . . . It may, under appropriate circumstances, impose a sanction 'even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] was on notice that the evidence might be needed for future litigation' . . . The nature and severity of the sanction depends upon a number of factors, including . . . the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (*Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714). Although a court may, as one of the possible sanctions for spoliation of evidence, enter "an order striking out pleadings or parts thereof" (CPLR 3126 [3]), "[g]enerally, striking a pleading is reserved for instances of willful or contumacious conduct" (*Dean v Usine Campagna*, 44 AD3d 603, 605). In instances in which a party negligently loses or destroys evidence, the "party seeking a sanction pursuant to CPLR 3126 such as . . . dismissal is required to demonstrate that a litigant . . . negligently[] dispose[d] of crucial items of evidence . . . before the adversary ha[d] an opportunity to inspect them . . . , thus depriving the party seeking a sanction of the means of proving his [or her] claim or defense. The gravamen of this burden is a showing of prejudice" (*Koehler v Midtown Athletic Club, LLP*, 55 AD3d 1444, 1445 [internal quotation marks omitted]; *see Simet v Coleman Co., Inc.*, 42 AD3d 925, 926).

Here, we conclude that plaintiffs established that some sanction is warranted because IGT negligently failed to preserve the machine, but plaintiffs failed to show that the destruction of the machine was intentional or contumacious, to warrant the sanctions imposed by the court. To the contrary, the only evidence in the record concerning

this issue is that IGT scrapped the machine in the normal course of business, as part of the removal and destruction of a large number of machines to create additional space in the casino.  In addition, IGT established that the machine was removed from the casino at the request of the casino's owners, who were no longer parties to this action, which belies plaintiffs' contention that IGT removed and destroyed the machine for litigation purposes.

Contrary to plaintiffs' further contention, they failed to establish that the machine was destroyed before they had an opportunity to inspect it, and thus plaintiffs failed to establish that the extreme sanctions of striking IGT's answer and granting plaintiffs partial summary judgment on liability against IGT were warranted (*see Koehler*, 55 AD3d at 1445).  The evidence in the record establishes that plaintiffs did not request that the machine be preserved or attempt to view it in the two years after the accident and prior to the commencement of the action (*see Piazza v Great Atl. & Pac. Tea Co.*, 300 AD2d 381, 382; *cf. Gitlitz v Latham Process Corp.*, 258 AD2d 391, 391), nor did they do so in the ensuing year between when the action was commenced and the machine was scrapped.  Indeed, plaintiffs did not seek to examine the machine for an additional two years after IGT was joined as a defendant.  Consequently, we conclude that IGT's destruction of the machine did not occur "before the adversary ha[d] an opportunity to inspect" it (*Koehler*, 55 AD3d at 1445 [internal quotation marks omitted]; *see Rios v Johnson V.B.C.*, 17 AD3d 654, 656; *see also Russo v BMW of N. Am., LLC*, 82 AD3d 643, 644).  Thus, although IGT was properly sanctioned because it was negligent in failing to ensure that the machine was preserved once it was on notice that it might be needed for litigation (*see Iannucci v Rose*, 8 AD3d 437, 438; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53), there is no evidence that it was destroyed before plaintiffs had an opportunity to inspect it, to warrant the severe sanctions that the court imposed.

We also agree with IGT that the destruction of the machine did not deprive plaintiffs of the ability to establish their causes of action, and thus they did not make the requisite showing of prejudice arising from the loss of the evidence to warrant the extreme sanctions imposed by the court (*see Koehler*, 55 AD3d at 1445).  We reject plaintiffs' contention that the destruction of the machine deprived them of the ability to present a prima facie case on any of their causes of action, most notably their strict products liability claim based on a manufacturing defect.  A necessary element of that claim is that the product was defective when it left the manufacturer's control (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 25-26; *Nichols v Agway, Inc.*, 280 AD2d 889, 889-890; *George Larkin Trucking Co. v Lisbon Tire Mart*, 210 AD2d 899, 900).  Given the length of time from the manufacturing date to the date of the accident, as well as the additional length of time from the date of the accident to the date on which plaintiffs first sought access to the machine, we conclude that plaintiffs failed to establish that their ability to prove their case was severely impaired by the destruction of the machine rather than by the passage of time and the adjustments that were made to the machine in the interim.  Indeed, the evidence submitted by both parties with

respect to the motion establishes that the machine was repaired immediately after the accident, and thus "there was no possibility of inspecting [the glass] as [it] had been installed at the time of the accident" (*Merrill v Elmira Hgts. Cent. Sch. Dist.*, 77 AD3d 1165, 1167).  Furthermore, we note that, in addition to a video recording of the glass falling on plaintiff, plaintiffs also possessed reports of similar accidents involving identical machines in other locations. Plaintiffs thus had available circumstantial evidence in support of their manufacturing defect claim, which they may use in support of that claim (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41-42). That evidence may also be used by plaintiffs to attempt to establish the remaining causes of action in the complaint.  Thus, the level of prejudice to plaintiffs based on the destruction of the machine was not sufficiently " 'severe' " to warrant striking IGT's answer and granting plaintiffs partial summary judgment on liability (*Kirschen v Marino*, 16 AD3d 555, 556).

Instead, we conclude that, under the circumstances of this case, " 'the court should have considered a less severe sanction, which we now provide' . . . We conclude that an adverse inference charge against [IGT] is an appropriate sanction for the spoliation of evidence" (*Tomasello v 64 Franklin, Inc.*, 45 AD3d 1287, 1288; *see Koehler*, 55 AD3d at 1445; *Ifraimov v Phoenix Indus. Gas, LLC*, 4 AD3d 332, 334; *see generally Ortega v City of New York*, 9 NY3d 69, 76), and we therefore modify the March order accordingly.

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court