Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 28, 2015. The order granted plaintiff’s motion to strike defendant’s answer and affirmative defenses.
It is hereby ordered that the order so appealed from is modified on the law by vacating the sanctions imposed and reinstating the answer and affirmative defenses, and plaintiff is granted an adverse inference charge as a sanction under CPLR 3126, and as modified the order is affirmed without costs in accordance with the following memorandum: Plaintiff commenced this action on March 1, 2012, for injuries he allegedly sustained when he slipped and fell on ice on March 23, 2009, as he was walking into defendant’s bank in Buffalo, New York. On August 10, 2010, prior to the commencement of the action, plaintiff sought an order pursuant to CPLR 3102 (c) for pre-action disclosure and preservation of evidence. Defendant opposed plaintiff’s request for any pre-action disclosure, but represented to Supreme Court that it had voluntarily undertaken preservation of certain evidence, including accident reports, photographs, and surveillance videotapes, and ultimately “consent[ed] to an order of preservation.” On October 29, 2010, the court granted plaintiff’s application and ordered defendant to preserve, inter alia, all “photographs [and] video tapes, including but not limited to security and surveillance video related to the subject accident.” During discovery after the action was commenced, plaintiff requested, inter alia, surveillance films related to the subject accident, and defendant responded that those materials had not been preserved. Thereafter, on July 30, 2014, plaintiff brought a motion pursuant to CPLR 3126 to strike defendant’s answer on the ground that defendant had *1722 violated the court’s 2010 order of preservation. The court granted plaintiff’s motion and struck defendant’s answer and affirmative defenses. Defendant appeals.
Initially, we agree with plaintiff that a sanction was warranted inasmuch as defendant “wilfully fail[ed] to disclose information” that the court had ordered to be preserved (CPLR 3126). Nevertheless, we conclude that the court abused its discretion in striking defendant’s answer and affirmative defenses. It is well established that “a less drastic sanction than dismissal of the responsible party’s pleading may be imposed where [,] [as here,] the loss does not deprive the nonresponsible party of the means of establishing his or her claim or defense” {Marro v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 294 AD2d 341, 342 [2002]). Indeed, we note that the record does not demonstrate that the plaintiff has been “ 'prejudicially bereft’ ” of the means of prosecuting his action {Rodman v Ardsley Radiology, P.C., 80 AD3d 598, 599 [2011]). Thus, we conclude that an appropriate sanction is that an adverse inference charge be given at trial with respect to the unavailable surveillance footage {see Mahiques v County of Niagara, 137 AD3d 1649, 1653 [2016]; Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 656 [2013]; Gogos v Modell’s Sporting Goods, Inc., 87 AD3d 248, 254-255 [2011]), and we therefore modify the order accordingly.
Our dissenting colleague agrees that a “remedy is necessary,” but disagrees with the sanction we have imposed, our analysis in reaching that sanction, and ultimately our directive to the court on how to effectuate the sanction. In our view, our resolution of this case requires us simply to determine whether defendant violated an order and whether such violation requires a sanction pursuant to CPLR 3126. The dissent refers to the “minimal prejudice suffered by plaintiff in not having been able to inspect the surveillance video in question.” That reference overlooks the undisputed fact that plaintiff sought an order pursuant to CPLR 3102 (c) for pre-action disclosure, and counsel for defendant not only volunteered to preserve certain items, including surveillance video related to the subject accident, but “consented] to an order of preservation.” Naturally, the court then granted the relief requested by plaintiff, and defendant never challenged the resulting order. Under those circumstances, we are unable to conclude that defendant’s failure to comply with the order was anything but wilful. As for our dissenting colleague’s concern with respect to the form of the adverse inference charge, we anticipate that the court will follow the Pattern Jury Instructions.
*1723 All concur except Curran, J., who dissents and votes to modify in accordance with the following memorandum.