■ BARBARA DZIDOWSKA, Respondent, v THE RELATED COMPANIES, L.P., et al., Appellants, and FUJITEC AMERICA, INC., Doing Business as FUJITEC SERGE OF NEW YORK, Respondent. [49 NYS3d 125]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 11, 2016, which to the extent appealed from, granted plaintiff's motion for spoliation sanctions against defendants-appellants, denied defendants-appellants' cross motion to sanction plaintiff's counsel and for summary judgment dismissing the complaint and all cross claims as against the Related Companies, L.P. (Related) and 1616 First Company, LLC (First), unanimously affirmed, with costs.

The court properly concluded that appellants failed to demonstrate that plaintiff's counsel violated the Rules of Professional Conduct, CPLR 3101 and 3120 or 22 NYCRR 130-1.1 (c), warranting sanctions, based on alleged conduct of an investigator.

However, the court properly sanctioned appellants for spoliation of certain videotapes, which they were notified by plaintiff's counsel to preserve, within days of the accident. Despite this notice, appellants preserved copies of only limited portions of the surveillance tape from one camera and destroyed the footage for the entire relevant period from another camera located in the elevator. Plaintiff showed that the portions of the tape that were recorded over were relevant to whether defendants had notice of elevator malfunctions prior to her accident. The court properly concluded that defendants' culpable state of mind was evidenced by their failure to comply with plaintiff's request to preserve this evidence (*see VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 45 [1st Dept 2012]).

Related and First failed to establish that they did not own, manage or maintain the building. Their reliance largely on un-identified documents not before the court is insufficient to meet their burden on summary judgment. Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.