■ Kelly Burke, Respondent, v Queen of Heaven Roman Catholic Elementary School et al., Appellants, et al., Defendant. [58 NYS3d 757]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 17, 2016. The order granted the motion of plaintiff to strike the answer of, and for partial summary judgment on liability against, defendants Queen of Heaven Roman Catholic Elementary School and Queen of Heaven Roman Catholic Church.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking to strike the answer of defendants-appellants and seeking partial summary judgment on liability, and reinstating that answer, and plaintiff is granted an adverse inference charge as a sanction under CPLR 3126, and as modified the order is affirmed without costs in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she slipped and fell on stairs at premises owned and operated by defendants. Plaintiff moved to strike the answer of defendants-appellants (defendants), and for partial summary judgment on liability against them, on the ground that defendants had destroyed and replaced the stairs after plaintiff had notified defendants of their intent to have their expert inspect the stairs. Defendants appeal from an order that granted plaintiff's motion.

In order to obtain sanctions for spoliation of evidence, plaintiff had the burden of showing "that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier

of fact could find that the evidence would support that claim or defense . . . Where the evidence is determined to have been intentionally or wil[l]fully destroyed, the relevancy of the destroyed [evidence] is presumed . . . On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed [evidence was] relevant to the party's claim or defense" (*Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547-548 [2015] [internal quotation marks omitted]).

Defendants concede that the original condition of the stairway was relevant. Furthermore, an obligation to preserve the condition of the stairs existed because litigation had begun at the time the stairs were replaced (*see generally Arbor Realty Funding, LLC v Herrick, Feinstein LLP*, 140 AD3d 607, 608 [2016]; *Mahiques v County of Niagara*, 137 AD3d 1649, 1651-1652 [2016]). We agree with plaintiff that she met her burden of establishing that defendants destroyed the stairs with a culpable state of mind. As Supreme Court properly concluded, defendants' culpable state of mind was evidenced by their destruction of the stairs during the parties' ongoing debate about whether plaintiff had to disclose the name of her expert to defendants before defendants would agree to the inspection (*see Dzidowska v Related Cos., L.P.*, 148 AD3d 480, 480 [2017]; *VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 45 [2012]). We thus agree with plaintiff that the imposition of a sanction against defendant for spoliation of evidence was warranted here (*see* CPLR 3126).

Nevertheless, we conclude that the court abused its discretion in striking defendants' answer and granting plaintiff partial summary judgment on liability based on defendants' destruction of the stairway (*see Sarach v M&T Bank Corp.*, 140 AD3d 1721, 1722 [2016]). In deciding whether to impose sanctions, and what particular sanction to impose, courts look to the extent that the spoliation of evidence may prejudice a party, and whether a particular sanction is necessary as a matter of elementary fairness (*see Standard Fire Ins. Co. v Federal Pac. Elec. Co.*, 14 AD3d 213, 218-219 [2004]). The burden is on the party requesting sanctions to make the requisite showing (*see Mohammed v Command Sec. Corp.*, 83 AD3d 605, 605 [2011], *lv denied* 17 NY3d 708 [2011]). "It is well established that 'a less drastic sanction than dismissal of the responsible party's pleading may be imposed where[, as here,] the loss does not deprive the nonresponsible party of the means of establishing his or her claim or defense' " (*Sarach*, 140 AD3d at 1722). Here, the record does not demonstrate that plaintiff has been left

" 'prejudicially bereft' " of the means of prosecuting her action (*Rodman v Ardsley Radiology, P.C.*, 80 AD3d 598, 599 [2011]; *see Sarach*, 140 AD3d at 1722), given that plaintiff has in her possession, among other evidence of the condition of the stairs, photographs of the stairs taken after the commencement of this action. Thus, we conclude that an appropriate sanction is that an adverse inference charge be given at trial with respect to any now unavailable evidence of the condition of the stairs (*see Sarach*, 140 AD3d at 1722; *Mahiques*, 137 AD3d at 1652-1653; *Jennings v Orange Regional Med. Ctr.*, 102 AD3d 654, 656 [2013]), and we modify the order accordingly. Present— Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ.