Carnevale v Bommer (2019 NY Slip Op 06244)





Carnevale v Bommer


2019 NY Slip Op 06244


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


266 CA 18-02077

[*1]ROBERT J. CARNEVALE, PLAINTIFF-RESPONDENT,
v
LORAN M. BOMMER AND APPLIANCE PLUS OUTLET, LLC, DEFENDANTS-APPELLANTS. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CONNORS LLP, BUFFALO (CAITLIN M. HIGGINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered April 20, 2018. The order, insofar as appealed from, granted that part of the motion of plaintiff seeking summary judgment on the issue of negligence. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in part with respect to the issue of negligence.
Memorandum: Plaintiff commenced this personal injury action seeking damages for injuries he sustained when the vehicle he was operating collided with a vehicle operated by a nonparty to this action. Plaintiff alleged that Loran M. Bommer (defendant), who was operating a pickup truck owned by defendant Appliance Plus Outlet, LLC, turned the pickup truck in front of plaintiff's vehicle, thereby causing plaintiff to lose control of his vehicle and strike the oncoming vehicle. It is undisputed that the pickup truck did not collide with any vehicles or sustain any damage. Plaintiff moved for summary judgment on the issues of negligence and serious injury, and Supreme Court granted the motion. As limited by their brief, defendants appeal from the order insofar as it granted the motion on the issue of negligence.
We agree with defendants that the court erred in granting the motion to that extent. Although plaintiff was not required to establish the absence of his own comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 315 [2018]), "in seeking . . . summary judgment on liability, plaintiff[] [was] required to establish . . . that [defendant] was negligent and that [his] negligence was a proximate cause of the accident" (Edwards v Gorman, 162 AD3d 1480, 1481 [4th Dept 2018]). Here, plaintiff's submissions in support of the motion included plaintiff's own deposition testimony and the deposition testimony of defendant. Defendant testified that he stopped the pickup truck behind several vehicles for up to 25 seconds while waiting for the traffic light to turn green. During that time, defendant observed plaintiff's vehicle in his side-view mirror as it passed the pickup truck on the left, crossed the double yellow line, and collided with the vehicle that was traveling in the opposite lane. According to defendant, plaintiff's vehicle appeared to be traveling in excess of the speed limit. Plaintiff, on the other hand, testified that he was traveling at a speed of 20 to 25 miles per hour when the pickup truck suddenly swerved into his lane, causing him to collide with the vehicle in the oncoming traffic lane. Thus, plaintiff's own submissions raise triable issues of fact whether defendant was negligent and whether that negligence was a proximate cause of the accident, and the burden never shifted to defendants (see generally Edwards, 162 AD3d at 1481; Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court