Giambrone v Niagara Mohawk Power Corp. (2019 NY Slip Op 06909)





Giambrone v Niagara Mohawk Power Corp.


2019 NY Slip Op 06909


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


810 CA 19-00103

[*1]JEANNETTE C. GIAMBRONE, NINO E. GIAMBRONE, PLAINTIFFS-RESPONDENTS-APPELLANTS, AND NATIONWIDE MUTUAL INSURANCE COMPANY, AS SUBROGEE OF JEANNETTE C. GIAMBRONE AND NINO E. GIAMBRONE, PLAINTIFF-RESPONDENT,
v
NIAGARA MOHAWK POWER CORPORATION, DOING BUSINESS AS NATIONAL GRID, AND PETER T. SMITH, DEFENDANTS-APPELLANTS-RESPONDENTS. (APPEAL NO. 1.) 






BARCLAY DAMON LLP, BUFFALO (DENNIS R. MCCOY OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 
LAW OFFICE OF CHARLES F. HARMS, JR., GARDEN CITY (ANGELO CAPALBO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 1, 2018. The order denied defendants' motion for summary judgment and denied the cross motion of plaintiffs Jeannette C. Giambrone and Nino E. Giambrone for partial summary judgment on the issue of negligence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs Jeannette C. Giambrone and Nino E. Giambrone (Giambrones) commenced an action to recover damages for injuries sustained by Jeannette Giambrone (plaintiff) as the result of a motor vehicle accident that occurred when the vehicle operated by plaintiff collided with a utility truck owned by defendant Niagara Mohawk Power Corporation, doing business as National Grid (National Grid), and operated by National Grid employee, defendant Peter T. Smith. Thereafter, the Giambrones' insurance carrier, plaintiff Nationwide Mutual Insurance Company, as subrogee of the Giambrones, commenced a subrogation action against defendants.
After the two actions were consolidated, defendants moved for summary judgment dismissing the complaints, and the Giambrones cross-moved for partial summary judgment on the issue of negligence. In appeal No. 1, defendants appeal and the Giambrones cross-appeal from the order denying the motion and cross motion. In appeal No. 2, defendants appeal from an order denying their motion to, inter alia, strike plaintiffs' complaints pursuant to CPLR 3126 as a sanction for disposing of the electronic data recorder (EDR) from plaintiff's vehicle prior to the commencement of litigation.
Defendants contend in appeal No. 1 that Supreme Court erred in denying their summary judgment motion because they established as a matter of law that plaintiff's actions were the sole proximate cause of the accident. We reject that contention (see Chilinski v Maloney, 158 AD3d 1174, 1175 [4th Dept 2018]; see also Pagels v Mullen, 167 AD3d 185, 188-189 [4th Dept [*2]2018]). The record is replete with issues of fact that render such a determination inappropriate, including with respect to the location of the accident, i.e., the distance that it occurred from the subject intersection, and the speed of the utility truck operated by Smith—or whether the truck was moving at all—at the time of the accident. Those same issues of fact require denial of the Giambrones' cross motion because they failed to establish as a matter of law that Smith was negligent in the operation of the utility truck (see Carnevale v Bommer, — AD3d &mdash, — , 2019 NY Slip Op 06244, *1 [4th Dept 2019]).
With respect to appeal No. 2, we conclude that the court properly denied defendants' motion to strike plaintiffs' complaints. "A court may, as one of the possible sanctions for spoliation of evidence, enter an order striking out pleadings or parts thereof' " (Mahiques v County of Niagara, 137 AD3d 1649, 1651 [4th Dept 2016], quoting CPLR 3126 [3]). Generally, "striking a pleading is reserved for instances of willful or contumacious conduct" (id. [internal quotation marks omitted]), and defendants failed to establish that plaintiffs acted with the requisite state of mind. Assuming, arguendo, that plaintiffs were negligent in disposing of the EDR, we conclude that defendants, to be entitled to dismissal, were "required to demonstrate that [plaintiffs] . . . negligently[] dispose[d] of crucial items of evidence . . . before [defendants] ha[d] an opportunity to inspect them . . . , thus depriving [defendants] of the means of proving [their] . . . defense" (Koehler v Midtown Athletic Club, LLP, 55 AD3d 1444, 1445 [4th Dept 2008] [internal quotation marks omitted]; see Mahiques, 137 AD3d at 1651). "The gravamen of this burden is a showing of prejudice" (Mahiques, 137 AD3d at 1651 [internal quotation marks omitted]). Because defendants failed to make such a showing, the striking of plaintiffs' complaints was not an appropriate sanction (see Burke v Queen of Heaven R.C. Elementary Sch., 151 AD3d 1608, 1609-1610 [4th Dept 2017]; Sarach v M & T Bank Corp., 140 AD3d 1721, 1722 [4th Dept 2016]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court