Buffalo Biodiesel, Inc. v Blue Bridge Fin., LLC (2024 NY Slip Op 03259)

Buffalo Biodiesel, Inc. v Blue Bridge Fin., LLC

2024 NY Slip Op 03259

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

230 CA 23-00769

[*1]BUFFALO BIODIESEL, INC., PLAINTIFF-APPELLANT,
v
BLUE BRIDGE FINANCIAL, LLC, DEFENDANT-RESPONDENT. 

LAW OFFICE OF DAVID TENNANT PLLC, ROCHESTER (DAVID H. TENNANT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HARRIS BEACH PLLC, ALBANY (DANIEL R. LECOURS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered April 10, 2023. The order granted the motion of defendant to strike the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting four causes of action arising from allegations that defendant sent an email to a financial services company in which defendant falsely characterized an ongoing legal dispute between the parties. Two of the causes of action were previously dismissed, leaving only plaintiff's causes of action for libel and tortious interference with business relations. Defendant thereafter served discovery demands in which it sought, inter alia, copies of all communications between plaintiff and the financial services company. In response, plaintiff advised that it no longer had any such documents in its possession. Plaintiff later revealed that it had failed to issue a litigation hold and that all of its emails were deleted during the pendency of the instant action, either by plaintiff itself or, upon plaintiff's approval, by the company hosting its server. Plaintiff attempted to subpoena the deleted emails directly from the financial services company, but that company was no longer operating and the emails could not be recovered. Supreme Court thereafter granted defendant's motion for spoliation sanctions pursuant to CPLR 3126, striking the complaint and dismissing plaintiff's remaining causes of action with prejudice. Plaintiff appeals, and we affirm.
We reject plaintiff's contention that the court abused its discretion in striking plaintiff's pleading as a sanction for spoliation of evidence. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Mahiques v County of Niagara, 137 AD3d 1649, 1650 [4th Dept 2016] [internal quotation marks omitted]). "The nature and severity of the sanction depends upon a number of factors, including . . . the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (id. at 1651 [internal quotation marks omitted]). The court has broad discretion in determining what, if any, sanction is warranted for spoliation of evidence, including "an order striking out pleadings or parts thereof" (Miller v Miller, 189 AD3d 2089, 2094 [4th Dept 2020] [internal quotation marks omitted]; see CPLR 3126 [3]). While the striking of a pleading is generally limited to "instances of willful or contumacious conduct," it may also be warranted where the negligent destruction of relevant evidence leaves a party prejudicially bereft "of the means of proving [its] claim or defense" (Mahiques, 137 AD3d at 1651 [internal quotation marks omitted]; see Koehler v Midtown Athletic Club, LLP, 55 AD3d 1444, 1445 [4th Dept 2008]; New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec., 280 AD2d 652, 653 [2d Dept 2001]).
Here, plaintiff's failure to suspend the routine deletion of its emails during the course of [*2]litigation constituted the grossly negligent spoliation of evidence (see Voom HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). Although plaintiff contends that defendant failed to establish the relevance of the deleted emails, "it is the peculiarity of many spoliation cases that the very destruction of the evidence diminishes the ability of the deprived party to prove relevance directly" (Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 17 [1st Dept 2000], lv dismissed 96 NY2d 937 [2001]) and, thus, where emails are deleted "either intentionally or as the result of gross negligence, the court [may] properly dr[a]w an inference as to the[ir] relevance" (Ahroner v Israel Discount Bank of N.Y., 79 AD3d 481, 482 [1st Dept 2010]). Thus, on the facts presented in this action, we conclude that the court did not abuse its discretion in striking the complaint (see Sage Realty Corp., 275 AD2d at 18).
Plaintiff's contention that the court erred in imposing a spoliation sanction prior to the completion of depositions is improperly raised for the first time on appeal, and we therefore do not consider it (see Matter of Davis v Czarny, 153 AD3d 1556, 1557 [4th Dept 2017]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court