■ ROBERT J. GARHARTT, SR., Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant. [596 NYS2d 946] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered September 12, 1992 in Albany County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff, a laborer employed by a third party, was injured when he fell about 20 feet from the top of a boiler in defendant's power plant. Plaintiff had been assigned to vacuum the dust that had collected there. He had been provided with a safety belt that was worn around his waist, to which a lanyard or line was attached that was anchored to a railing which bordered the steel catwalk next to the area where he was working. Prior to his fall plaintiff, who had been in-

structed in safety precautions, had properly placed and connected the safety device. Plaintiff was also holding a lead light that had been provided to better view the area that he was cleaning. When the bulb in the lead light blew out, plaintiff removed his safety belt and left it hanging on a railing about one foot away. One end of the lanyard was still attached to the safety belt and the other end to the railing. Plaintiff climbed over the four-foot railing to the catwalk and proceeded down the stairs to the supply room to obtain a new bulb. When he returned with the new bulb, plaintiff failed to put his safety belt back on before proceeding to the flat surface of the boiler to change the bulb. After plaintiff reached up without his safety belt to replace the worn bulb, he allegedly lost his balance due to the heat that was present and fell, sustaining serious injury.

Plaintiff commenced this action under the relevant provisions of the Labor Law and, after issue was joined, moved for partial summary judgment with respect to his cause of action pursuant to the provisions of Labor Law § 240 (1). Over defendant's opposition Supreme Court granted plaintiff's motion. From the order entered, defendant appeals.

"Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" *(Jock v Fien,* 80 NY2d 965, 967-968 [citations omitted]). This statutory duty is not diminished by contributory fault *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513). " 'Proper protection' requires that the device must be appropriately placed or erected so that it would have safeguarded the employee * * * and that the furnished device itself must be *adequate* to protect against the hazards entailed in the performance of a particular task to which the employee was assigned" *(Conway v State of New York Teachers' Retirement Sys.,* 141 AD2d 957, 958 [emphasis in original] [citations omitted]). Summary judgment is properly granted on the issue of liability under Labor Law § 240 (1) when the plaintiff demonstrates that the statute was violated and the violation was a proximate cause of his injuries *(Koumianos v State of New York,* 141 AD2d 189, 191).

In support of his motion for partial summary judgment, plaintiff claims that he made the necessary showing that the safety belt and lanyard given him were not sufficient to provide the proper protection to which he was entitled, and that his right to proper protection was also violated by defen-

dant's failure to provide nets, ropes, scaffolding and other suitable devices. Plaintiff belatedly claims that the lanyard connecting the safety belt to the railing was not long enough to allow him to change the bulb. According to plaintiff, it was the failure of defendant to provide proper statutory protection that permitted him to fall, proximately causing his injuries. Therefore, plaintiff argues on this appeal that Supreme Court was correct in granting his motion for partial summary judgment on his claimed violation of Labor Law § 240 (1).

In opposition, defendant urges that a factual question was raised by the opinion of its safety expert contained in his affidavit to the effect that the safety equipment provided to plaintiff was adequate and appropriate protection in the circumstances of the work to be performed, and that the other devices that plaintiff claims should have been provided were all inadequate for plaintiff's proper protection. Defendant further emphasized that plaintiff admitted in his examination before trial that the safety belt was in good working order and that it was easy to move with the belt on, so that plaintiff had no reason to leave the belt off while performing his assigned task. It is defendant's contention that the only suitable safety device for the kind of work plaintiff was performing was that which was provided to him, and it was his refusal or failure to reattach this safety device to his person before attempting to place the new light bulb that was the sole proximate cause of his fall.

This is not a situation where no safety devices were provided to plaintiff (cf., *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520). The conflicting claims of the respective parties present a factual issue as to whether the device that was provided was suitable and appropriate for plaintiff's proper protection without the use of additional devices or measures (see, *Desrosiers v Barry, Bette & Led Duke,* 189 AD2d 947, 948). The disputed factual issue requires trial resolution by a jury. Thus, Supreme Court erred in granting plaintiff's motion for partial summary judgment and its order must be reversed.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.