■ RONALD A. SMITH et al., Respondents, v FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, Appellant. (Appeal No. 1.) [822 NYS2d 832]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 10, 2005 in a personal injury action. The order, insofar as appealed from, denied in part defendant's motion for summary judgment and granted that part of plaintiffs' cross motion for partial summary judgment on liability on the Labor Law § 240 (1)˙ cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion for summary judgment with respect to the Labor Law § 241 (6) cause of action and dismissing that cause of action insofar as it is based upon the alleged violations of the regulations set forth in plaintiffs' April 28, 2004 bill of particulars except for 12. NYCRR 23-5.15 (a) and (b) and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted that part of the cross motion of plaintiffs for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Ronald A. Smith (plaintiff) was engaged in steel work essential to the construction of an auditorium at defendant's school. He was installing bar joists and ascended an extension ladder that was positioned against an I-beam. Because the I-beam upon which he was to position a bar joist was approximately three feet below another I-beam of an identical rounded shape, plaintiff was forced to foot the ladder in an entrance area, rather than in the hallway, and lodge the top of the ladder between the rounded I-beams. After placing the ladder, plaintiff attempted to position the bar joist on to the steel skeleton of the hallway. Because that bar joist was lowered into the hallway area, rather than the entrance area, plaintiff was forced to lift through the I-beams and into the auditorium to locate the device. In order to grab the bar joist, plaintiff had to move to his left and reach through the subject I-beams. In doing so, he slipped from the ladder and fell, sustaining injuries. Based on those undisputed facts as established by the record, we conclude that, although it did not collapse or otherwise slip, the ladder did not provide proper protection to plaintiff by itself, without the use of additional precautionary devices or measures (see Waggoner v Lancet Arch, 291 AD2d 831 [2002]; see generally Felker v Corning Inc., 90 NY2d 219, 224 [1997]; Bailey v Board of Educ. of Skaneateles Cent. School Dist., 19 AD3d 1064 [2005]).

With respect to the Labor Law § 241 (6) cause of action, we conclude that the court properly granted that part of the cross motion of plaintiffs for leave to amend their bill of particulars dated April 28, 2004 to allege a violation of 12 NYCRR 23-1.7 (d). That subdivision sets forth standards of protection dealing with slipping hazards and plaintiff submitted proof that his feet slipped off the ladder because of the possible slippery condition of the ladder. The court erred, however, in failing to grant that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based upon the alleged violations of the regulations set forth in plaintiffs' April 28, 2004 bill of particulars, except for 12 NYCRR 23-5.15 (a) and (b). Defendant does not address section 23-5.15 in its brief on appeal and thus has abandoned the contention that it is entitled to summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based upon the alleged violation of that regulation (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]). We therefore modify the order accordingly. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.