■ JASON TOMASELLO, Respondent, v 64 FRANKLIN, INC., Doing Business as SOHO BAR, Appellant, et al., Defendant. [845 NYS2d 643]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 26, 2006 in a personal injury action. The order, among other things, imposed sanctions against defendant 64 Franklin, Inc., doing business as Soho Bar, for negligent spoliation of evidence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the sanctions imposed, reinstating the first affirmative

defense of defendant 64 Franklin, Inc., doing business as Soho Bar, and granting plaintiff an adverse inference charge against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on property leased by 64 Franklin, Inc., doing business as Soho Bar (defendant). Plaintiff moved for, inter alia, sanctions based on defendant's loss of a surveillance videotape of defendant's premises taken at the time of the incident. We agree with Supreme Court that a sanction was appropriate, but we conclude that the court abused its discretion in determining the issues of notice and negligence in favor of plaintiff against defendant and dismissing defendant's affirmative defense alleging culpable conduct on the part of plaintiff, and we therefore modify the order by vacating those sanctions. "Striking a pleading for negligent spoliation is a drastic sanction that is appropriate only where the missing evidence 'deprive[s] the moving party of the ability to establish his or her defense or case' " (*Enstrom v Garden Place Hotel*, 27 AD3d 1084, 1086 [2006]; *see Wetzler v Sisters of Charity Hosp.*, 17 AD3d 1088, 1089-1090 [2005], *amended on other grounds* 20 AD3d 944 [2005]). Here, plaintiff does not contend, nor does the record reflect, that the loss of the surveillance videotape will prevent him from establishing a prima facie case of negligence. Further, plaintiff will have the opportunity, if so advised, to depose the individuals who viewed the surveillance videotape in question. "Under the circumstances, the court should have considered a less severe sanction, which we now provide" (*Molinari v Smith*, 39 AD3d 607, 608 [2007]; *see Enstrom*, 27 AD3d at 1087; *see also Wetzler*, 17 AD3d at 1090; *Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term.*, 1 AD3d 168 [2003]). We conclude that an adverse inference charge against defendant is an appropriate sanction for the spoliation of evidence, and we therefore further modify the order accordingly. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.