■ HERMENEGILDO CARINO et al., Appellants-Respondents, v WEBSTER PLACE ASSOCIATES, LP, et al., Respondents-Appellants. [845 NYS2d 60]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered March 29, 2006, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) cause of action and denied defendants' cross motion for summary judgment seeking dismissal of plaintiffs' Labor Law §§ 200 and 240 (1) claims, unanimously modified, on the law, plaintiffs' motion granted, and that part of defendants' cross motion seeking dismissal of the Labor Law § 200 cause of action granted, and otherwise affirmed, without costs.

Plaintiff was entitled to partial summary judgment on his

Labor Law § 240 (1) cause of action, where he was injured when he fell from a ladder while in the course of removing an eight-foot-high fence at a construction site. Regardless of the method employed by plaintiff to remove the fence, the ladder provided to him was not an adequate safety device for the task he was performing and was a proximate cause of the fall and resulting injuries (*see Ben Gui Zhu v Great Riv. Holding, LLC*, 16 AD3d 185 [2005]; *Dunn v Consolidated Edison Co. of N.Y.*, 272 AD2d 129 [2000]).

Dismissal of the Labor Law § 200 cause of action was warranted since there is no evidence that defendants exercised supervision or control over plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Dalanna v City of New York*, 308 AD2d 400 [2003]). Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.