CEDRIC SMITH et al., Respondents, v PICONE CONSTRUCTION CORPORATION, Appellant. [881 NYS2d 579]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered October 16, 2008 in a personal injury action. The order granted plaintiffs' motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim and denied defendant's cross motion for summary judgment dismissing that claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by Cedric Smith (plaintiff) when he fell while carrying bricks up a ladder at a construction site. Defendant appeals from an order granting plaintiffs' motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim and denying defendant's cross motion for partial summary judgment dismissing that claim. We affirm.

We conclude that plaintiffs met their initial burden on the motion by establishing that "the absence of . . . a safety device was the proximate cause of [plaintiff's] injuries" (*Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *see Baum v Ciminelli-Cowper Co.*, 300 AD2d 1028, 1029 [2002]), and that "defendant failed to raise a triable issue of fact whether the conduct of plaintiff was the sole proximate cause of his injuries" (*Ewing v Brunner Intl., Inc.*, 60 AD3d 1323, 1323 [2009]; *see Ganger v Anthony Cimato/ACP Partnership*, 53 AD3d 1051, 1052-1053 [2008]; *cf.*

*Tronolone v Praxair, Inc.*, 22 AD3d 1031, 1033 [2005]). In opposition to the motion, defendant contended that plaintiff should have used an outrigger system to raise the bricks to the level at which the masons were working, rather than carry them up the ladder by hand. Defendant failed, however, to establish that the outrigger system was installed on the scaffold on the day of plaintiff's injury. Defendant also failed to raise a triable issue of fact "whether plaintiff, based on his training, prior practice, and common sense, knew or should have known" not to carry bricks by hand up the ladder (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1427 [2007]). We thus conclude that defendant failed to submit evidence that would permit a jury to find "that plaintiff had [an] adequate safety device[ ] available; that he knew both that [it was] available and that he was expected to use [it]; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.