# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1423**
**CA 11-01408**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

JOHN T. BAKER, PLAINTIFF-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, BOARD OF EDUCATION OF CITY
SCHOOL DISTRICT OF CITY OF BUFFALO, ALSO
KNOWN AS BUFFALO BOARD OF EDUCATION, AND
LPCIMINELLI, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS.

HODGSON RUSS LLP, BUFFALO (RYAN J. LUCINSKI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

ANDREWS, BERNSTEIN & MARANTO, LLP, BUFFALO (ROBERT J. MARANTO, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

-----------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Frederick J. Marshall, J.), entered March 15, 2011 in a
personal injury action. The order granted in part and denied in part
the motion of defendants for summary judgment and denied the cross
motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of defendants'
motion seeking summary judgment dismissing the Labor Law § 241 (6)
claim insofar as that claim is based upon the alleged violation of 12
NYCRR 23-1.7 (e) (1) and (2), and by denying that part of defendants'
motion seeking summary judgment dismissing the Labor Law § 241 (6)
claim insofar as that claim is based upon the alleged violation of 12
NYCRR 23-1.7 (f) and reinstating that claim to that extent, and as
modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he allegedly sustained
while working for a masonry subcontractor on a renovation project.
Defendant LPCiminelli, Inc. (Ciminelli) was the general contractor,
and the City of Buffalo defendants owned the high school undergoing
the renovation. According to plaintiff, he fell and was injured when
he climbed through an opening that had been cut through a wall for the
purpose of, inter alia, gaining access to the room where he was
working. Plaintiff's pant leg snagged on rebar, mesh or jagged
concrete protruding from the ledge of the opening, causing him to jerk
backward and fall to the floor.

Supreme Court properly granted that part of defendants' motion seeking summary judgment dismissing the Labor Law § 240 (1) claim and properly denied that part of plaintiff's cross motion seeking partial summary judgment on liability with respect to that claim.  Defendants met their burden of establishing that, "[i]n climbing [through] the wall, plaintiff was faced with 'the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1),' " and plaintiff failed to raise a triable issue of fact (*Farmer v City of Niagara Falls*, 249 AD2d 922, 923, quoting *Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843).

The court also properly denied those parts of defendants' motion seeking summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action against Ciminelli and properly denied those parts of plaintiff's cross motion seeking partial summary judgment with respect to that claim and cause of action.  Although defendants established that Ciminelli did not supervise or control plaintiff's work, we agree with the court that there are triable issues of fact whether Ciminelli had actual or constructive notice of the allegedly dangerous condition on the premises that caused plaintiff's injuries (*see Kobel v Niagara Mohawk Power Corp.*, 83 AD3d 1435).

We agree with defendants, however, that the court properly denied that part of plaintiff's cross motion seeking partial summary judgment on Labor Law § 241 (6) liability but erred in denying that part of defendants' motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based upon the alleged violation of 12 NYCRR 23-1.7 (e) (1) and (2).  We therefore modify the order accordingly.  Those regulations are not applicable to the accident because plaintiff's fall was not caused by a tripping hazard (*see Farrell v Blue Circle Cement, Inc.*, 13 AD3d 1178, *lv denied* 4 NY3d 708).  The court further erred in granting that part of defendants' motion seeking summary judgment dismissing the section 241 (6) claim insofar as it is based upon the alleged violation of 12 NYCRR 23-1.7 (f).  That regulation is sufficiently specific to support a claim under Labor Law § 241 (6) (*see Intelisano v Sam Greco Constr., Inc.*, 68 AD3d 1321, 1323), and defendants failed to establish as a matter of law that they did not violate that regulation or that any alleged violation was not a proximate cause of plaintiff's injuries (*see Harris v Hueber-Breuer Constr. Co., Inc.*, 67 AD3d 1351, 1353).  We therefore further modify the order accordingly.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court