# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**569**

**CA 11-01462**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

RUSSELL R. RAST AND DEBORAH RAST, INDIVIDUALLY
AND AS HUSBAND AND WIFE,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

WACHS ROME DEVELOPMENT, LLC,
DEFENDANT-APPELLANT-RESPONDENT,
SCOTT QUICK, DOING BUSINESS AS SCOTT QUICK
CONSTRUCTION, AND SCOTT QUICK CONSTRUCTION, INC.,
DEFENDANTS-RESPONDENTS.

---

GOLDBERG SEGALLA LLP, ALBANY (MATTHEW S. LERNER OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

DIXON & HAMILTON, LLP, GETZVILLE (DENNIS P. HAMILTON OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered April 15, 2011 in a personal injury action. The order granted in part the motion of plaintiffs for partial summary judgment and granted in part the cross motion of defendants Scott Quick, doing business as Scott Quick Construction, and Scott Quick Construction, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in its entirety and denying the cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Russell R. Rast (plaintiff) when he fell from a roof to the ground. Defendant Wachs Rome Development, LLC (Wachs) hired plaintiff's employer as a general contractor to rebuild a strip mall owned by Wachs. Wachs also hired defendant Scott Quick, doing business as Scott Quick Construction (Quick), to repair the roof. At the time of the accident, Quick had started the roof repairs but had left the job site to work on a project in another state. Upon arriving at work, plaintiff was informed that the roof was leaking and ruining the newly-installed drywall. Plaintiff accessed the roof to investigate and found that the roofing membrane that Quick had left "hanging over the side of the building" had "folded over" from the wind and was causing water to pool on the flat roof and also to flow directly

inside the building.  Plaintiff pushed the membrane back over the side of the roof and swept the water off the roof.  He also contacted Quick, who indicated that he would not be back in town until that night.  Several hours later, the membrane had again folded over, so plaintiff returned to the roof to repeat his earlier task.  This time, when he finished the task and walked toward the scissor lift to return to the ground, he fell from the roof to the ground.

Supreme Court granted that part of plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim against Wachs, but denied that part of the motion with respect to Quick and defendant Scott Quick Construction, Inc.  We note that Quick, doing business as Scott Quick Construction, rather than defendant Scott Quick Construction, Inc., was hired to perform the work in question, but we nevertheless treat the two defendants as one entity, i.e., the Quick defendants, inasmuch as Quick testified at his deposition that the company began as a "d/b/a," was thereafter incorporated, and then returned to "d/b/a" status.  The court further granted the cross motion of the Quick defendants in part by dismissing the Labor Law § 240 (1) and § 241 (6) claims against them.  Wachs now appeals and plaintiffs cross-appeal.  We conclude that the court should have granted plaintiffs' motion for partial summary judgment against both Wachs and the Quick defendants and should have denied the cross motion of the Quick defendants in its entirety.  We therefore modify the order accordingly.

Addressing first plaintiffs' cross appeal with respect to the Quick defendants' cross motion, we agree with plaintiffs that the Quick defendants are liable as an agent of the owner "for injuries sustained in those areas and activities within the scope of the work delegated to [them]" (*Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 12 AD3d 1059, 1060; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318).  While the Quick defendants had no control over plaintiff's work, they had control over the area where plaintiff was injured.  Plaintiffs are asserting a defective condition of the work site rather than the manner of the work, and the Quick defendants must therefore establish that they did not have "supervision or control of the safety of the area involved in the incident" (*Piazza*, 12 AD3d at 1061; *see Martinez v Tambe Elec., Inc.*, 70 AD3d 1376, 1377), which they failed to do.

Addressing next the appeal by Wachs and the cross appeal by plaintiffs with respect to plaintiffs' motion, we agree with plaintiffs that both Wachs and the Quick defendants are liable under Labor Law § 240 (1).  It is undisputed that there were no safety devices in place to prevent the accident, and plaintiffs established that the absence of the safety devices was a proximate cause of plaintiff's injuries (*see Baker v Essex Homes of W. N.Y., Inc.*, 55 AD3d 1332, 1332; *Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1086), and Wachs and the Quick defendants failed to raise a triable issue of fact.  Contrary to the contention of Wachs, plaintiff's conduct in accessing the roof to investigate and attempt to fix the problem was within the scope of his employment (*see Razzak v NHS Community Dev. Corp.*, 63 AD3d 708, 708-709; *Calaway v Metro Roofing & Sheet Metal*

*Works*, 284 AD2d 285, 286; *see also Destefano v City of New York*, 39 AD3d 581, 582). Plaintiff's employer testified at his deposition that plaintiff was responsible for job site safety, and when plaintiff was deposed he testified that he was concerned that the pooling water would cause the roof to collapse. Although Wachs correctly notes that the agreement between it and plaintiff's employer expressly excluded repairs and alterations to the roof, plaintiff was not repairing or altering the roof at the time of the accident. Instead, he was simply pulling back the roofing membrane that had blown over, and he was sweeping water off the roof. Wachs never prohibited employees of plaintiff's employer from accessing the roof, and indeed the record establishes that they had done so on previous occasions in furtherance of their duties in rebuilding the strip mall. Finally, we reject the contention of Wachs that plaintiff's actions were the sole proximate cause of his injuries. Where, as here, a plaintiff establishes that the absence of safety devices was a proximate cause of the plaintiff's injuries, the "plaintiff cannot be solely to blame for [the injuries]" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290; *see Gizowski v State of New York*, 66 AD3d 1348, 1349; *Ewing*, 16 AD3d at 1086).

Entered:  April 20, 2012                          Frances E. Cafarell
                                                  Clerk of the Court