Ward v Corning Painted Post Area Sch. Dist. (2021 NY Slip Op 01650)





Ward v Corning Painted Post Area Sch. Dist.


2021 NY Slip Op 01650


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


957 CA 19-01968

[*1]PATRICK WARD, PLAINTIFF-APPELLANT,
v
CORNING PAINTED POST AREA SCHOOL DISTRICT, ORMSBY IRON, LLC, STREETER ASSOCIATES, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT.
STREETER ASSOCIATES, INC., THIRD-PARTY PLAINTIFF,
v
TAP STEEL, INC., THIRD-PARTY DEFENDANT-RESPONDENT. 






WELCH, DONLON & CZARPLES, PLLC, CORNING (MICHAEL A. DONLON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (RAUL E. MARTINEZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AARON M. ADOFF OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Ann Marie Taddeo, J.), entered August 30, 2019. The order, inter alia, denied the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law §§ 200, 240 (1), 241 (6), and common-law negligence action to recover damages for injuries he sustained when he fell from an extension ladder while carrying a 10-foot metal "pour stop" to the second floor of a building at a construction site. Plaintiff appeals from an order that, inter alia, denied that part of his motion seeking partial summary judgment on the issue of liability with respect to his section 240 (1) claim and granted those parts of the cross motions of Corning Painted Post Area School District, Ormsby Iron, LLC, and Streeter Associates, Inc. (collectively, defendants) seeking summary judgment dismissing plaintiff's section 241 (6) claim. We affirm.
We reject plaintiff's contention that Supreme Court erred in denying that part of his motion with respect to the Labor Law § 240 (1) claim. Plaintiff failed to meet his initial burden on the motion inasmuch as his own submissions in support of the motion raised an issue of fact whether his conduct in "refusing to use available, safe and appropriate equipment" was the sole proximate cause of the accident (Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403 [4th Dept 2015] [internal quotation marks omitted]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Specifically, plaintiff submitted deposition testimony establishing the availability at the site of safer means for moving the pour stop, including a forklift and ropes that could have been used to lift or hoist the pour stop to the second floor. Deposition testimony also established that plaintiff could have handed the pour stop to a coworker on the second level. The foreman testified that he told plaintiff not to transport materials to the second floor by carrying [*2]items up the ladder. Plaintiff testified that he knew he should climb a ladder only when he was able to maintain three points of contact with the ladder and admitted that he was not able to do so while carrying the pour stop. Thus, we conclude that there is a triable issue of fact "whether plaintiff, based on his training, prior practice, and common sense, knew or should have known" not to carry the pour stop by hand up the ladder and to use other means available to him (Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1427 [4th Dept 2007]; cf. Smith v Picone Constr. Corp., 63 AD3d 1716, 1716-1717 [4th Dept 2009]).
We reject plaintiff's contention that the court erred in granting those parts of defendants' cross motions with respect to the Labor Law § 241 (6) claim, which is premised on alleged violations of 12 NYCRR 23-1.7 (f) and 12 NYCRR 23-6.2.
12 NYCRR 23-1.7 (f) provides that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided." Defendants submitted evidence establishing that, at the time of the incident, the work had not yet progressed to the point that it was appropriate to install a temporary stair tower. Further, there is no dispute that the ladder provided as a means of access to the second floor was not defective in that regard. Thus, defendants met their burden of establishing as a matter of law that they did not violate that regulation and that any alleged violation was not a proximate cause of plaintiff's injuries (cf. Baker v City of Buffalo, 90 AD3d 1684, 1685-1686 [4th Dept 2011]), and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman, 49 NY2d at 562).
Defendants also met their initial burden on their cross motions of establishing that 12 NYCRR 23-6.2, which is entitled "Rigging, rope and chains for material hoists" and concerns standards for hoisting, is inapplicable to the facts of this case because plaintiff was not hoisting the pour stop at the time of the incident (see Honeyman v Curiosity Works, Inc., 154 AD3d 820, 821-822 [2d Dept 2017]; Soles v Eastman Kodak Co., 162 Misc 2d 406, 409 [Sup Ct, Monroe County 1994], affd 216 AD2d 973 [4th Dept 1995]), and plaintiff failed to raise a triable issue of fact in opposition.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court