Tanksley v LCO Bldg. LLC (2022 NY Slip Op 00567)





Tanksley v LCO Bldg. LLC


2022 NY Slip Op 00567


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


919 CA 20-01068

[*1]DWAYNE D. TANKSLEY, JR., PLAINTIFF-RESPONDENT,
v
LCO BUILDING LLC AND CITYVIEW CONSTRUCTION MANAGEMENT, LLC, DEFENDANTS-APPELLANTS.
CITYVIEW CONSTRUCTION MANAGEMENT, LLC, THIRD-PARTY PLAINTIFF-APPELLANT,
v
TUNDO CONSTRUCTION & DESIGN, INC., THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT, ET AL., THIRD-PARTY DEFENDANT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO, BARRY MCTIERNAN AND MOORE, NEW YORK CITY (MARK A. COLLESANO OF COUNSEL), FOR DEFENDANT-APPELLANT LCO BUILDING LLC. 
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-APPELLANT CITYVIEW CONSTRUCTION MANAGEMENT, LLC, AND THIRD-PARTY PLAINTIFF-APPELLANT.
BAXTER SMITH & SHAPIRO, P.C., WEST SENECA (BRYAN R. FORBES OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.
BROWN CHIARI LLP, BUFFALO (BRIAN R. HOGAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeals from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 6, 2020. The order, among other things, granted plaintiff's motion for partial summary judgment and denied in part the cross motion of defendant-third-party plaintiff Cityview Construction Management, LLC for summary judgment. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying plaintiff's motion insofar as it sought partial summary judgment on liability on the second cause of action against defendant Cityview Construction Management, LLC, and granting that part of the cross motion of that defendant seeking summary judgment dismissing the first cause of action against it, and as modified the order is affirmed without costs.
Memorandum: Plaintiff was injured when he fell through a skylight opening in the roof on which he was working in connection with a construction project. Plaintiff commenced this action for damages against, inter alia, defendant LCO Building LLC (LCO), the owner of the property, and defendant-third-party plaintiff Cityview Construction Management, LLC (Cityview), the construction manager (collectively, defendants), alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Cityview commenced a third-party action against, inter alia, plaintiff's employer, third-party defendant Tundo Construction & Design, Inc. (Tundo). Cityview, LCO and Tundo appeal from an order that, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action against defendants, denied those parts of Cityview's [*2]cross motion seeking summary judgment dismissing plaintiff's Labor Law § 241 (6) and common-law negligence causes of action against it, denied that part of Cityview's cross motion seeking summary judgment on the second third-party complaint against Tundo, and granted plaintiff's application seeking leave to amend his pleadings to include a Labor Law § 241 (6) claim premised on a violation of 12 NYCRR 23-1.7.
Addressing first Cityview's appeal, we reject Cityview's contention that Supreme Court should have granted Cityview's cross motion insofar as it sought summary judgment dismissing the Labor Law § 241 (6) cause of action against it on the ground that Cityview is not a general contractor or agent of LCO and, thus, not subject to liability under that section of the Labor Law. "An entity is a contractor within the meaning of Labor Law . . . § 241 (6) if it had the power to enforce safety standards and choose responsible subcontractors . . . , and an entity is a general contractor if, in addition thereto, it was responsible for coordinating and supervising the . . . project" (Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1428 [4th Dept 2007] [internal quotation marks omitted]). Additionally, "an entity that serves as a construction manager may be vicariously liable as an agent of the property owner . . . where the manager had the ability to control the activity which brought about the injury" (Robinson v Spragues Wash. Sq., LLC, 158 AD3d 1318, 1319-1320 [4th Dept 2018] [internal quotation marks omitted]). Here, Cityview's own submissions in support of its cross motion raise triable issues of fact whether Cityview had the authority to supervise or control the injury-producing work, and thus whether it may be held liable as a general contractor or an agent of the owner (see Stiegman v Barden & Robeson Corp. [appeal No. 2], 162 AD3d 1694, 1697 [4th Dept 2018]; Predmore v EJ Constr. Group, Inc., 51 AD3d 1405, 1406 [4th Dept 2008], lv dismissed 10 NY3d 952 [2008]).
We agree with Cityview, however, that the court erred in denying that part of Cityview's cross motion seeking summary judgment dismissing the common-law negligence cause of action against it, which was based on Cityview's alleged supervision and control over plaintiff's work, and we therefore modify the order accordingly. Cityview met its initial burden on its cross motion of establishing that it did not exercise supervisory control over the manner or method of plaintiff's work that caused plaintiff's injury, and plaintiff failed to raise an issue of fact in opposition (see Bellreng v Sicoli & Massaro, Inc. [appeal No. 2], 108 AD3d 1027, 1030-1031 [4th Dept 2013]).
Contrary to Cityview's contention, the court properly granted plaintiff's application seeking leave to amend the pleadings to include a Labor Law § 241 (6) claim premised on the alleged violation of 12 NYCRR 23-1.7 (b) (1), which concerns hazardous openings. "[A] plaintiff may be entitled to leave to amend his or her [pleadings or] bill of particulars where, as here, he or she makes a showing of merit, raises no new factual allegations or legal theories, and causes the defendant no prejudice" (Shaw v Scepter, Inc., 187 AD3d 1662, 1665 [4th Dept 2020]; see Jara v New York Racing Assn., Inc., 85 AD3d 1121, 1123 [2d Dept 2011]).
Contrary to Cityview's further contention, the court properly denied that part of Cityview's cross motion seeking summary judgment on the second third-party complaint with respect to the cause of action for contractual indemnification against Tundo. The indemnification provision in the contract between Cityview and Tundo requires indemnification only for damages that were caused by the negligent acts or omissions of Tundo or its subcontractors, and we conclude that there are questions of fact whether Tundo was negligent in, inter alia, the scheduling of the contractors (see Bellreng, 108 AD3d at 1031; Guarnieri v Essex Homes of WNY, 24 AD3d 1266, 1266-1267 [4th Dept 2005]; see also Sheridan v Albion Cent. School Dist., 41 AD3d 1277, 1279 [4th Dept 2007]).
On their respective appeals, Cityview and Tundo contend that the court should have denied plaintiff's motion for partial summary judgment on the issue of liability with respect to his Labor Law § 240 (1) cause of action against Cityview. We agree, and we therefore further modify the order accordingly. Even assuming, arguendo, that plaintiff met his initial burden on his motion with respect to Cityview, we conclude that Cityview's submissions in opposition raised a triable issue of fact whether it lacked the authority to supervise or control the injury-producing work (see Mora v Nakash, 118 AD3d 964, 966 [2d Dept 2014]). We further conclude, however, that, contrary to LCO's contention on its appeal, the court properly granted plaintiff's motion with respect to it. It is well settled that, "[i]n order to prevail on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must establish that an owner or contractor [*3]failed to provide appropriate safety devices at an elevated work site and that such violation of the statute was the proximate cause of his or her injuries" (Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 985 [2d Dept 2012]). Here, plaintiff established that LCO's failure to provide adequate fall protection was a proximate cause of the accident (see Lord v Whelan & Curry Constr. Servs. Inc., 166 AD3d 1496, 1497 [4th Dept 2018]). Plaintiff submitted his own deposition testimony, in which he testified that, at the time of his injury, he was removing the plywood covering of the skylight hole as part of his work of preparing to install the final roofing. Plaintiff further testified that, upon removing the plywood, he fell through the skylight hole, and he was given no safety device to protect him from falling. Even assuming, arguendo, that the plywood cover constituted a safety device, as LCO contends, we note that "the availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" (Conway v New York State Teachers' Retirement Sys., 141 AD2d 957, 958-959 [3d Dept 1988]). While the plywood cover "may have provided proper protection when it was in place over the opening, . . . once it was removed plaintiff was exposed to an elevation-related risk which required additional precautionary measures or devices" (Clark v Fox Meadow Bldrs., 214 AD2d 882, 884 [3d Dept 1995]). In opposition, LCO failed to raise an issue of fact whether plaintiff's own negligence was the sole proximate cause of his injuries, in particular, whether he was provided with an adequate safety device and failed to use it (see Lord, 166 AD3d at 1497).
Finally, LCO's contention that the court erred in granting that part of Cityview's cross motion seeking summary judgment dismissing plaintiff's Labor Law § 200 cause of action against it is not properly before us because LCO is not aggrieved with respect to that part of the order (see generally CPLR 5511; Smalley v Harley-Davidson Motor Co. Group LLC, 134 AD3d 1490, 1493 [4th Dept 2015]).
All concur except DeJoseph, J., who is not participating.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court