Wheeler v BrandSafway Indus., LLC (2025 NY Slip Op 03887)

Wheeler v BrandSafway Indus., LLC

2025 NY Slip Op 03887

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

309 CA 23-02155

[*1]BRYAN WHEELER, PLAINTIFF-APPELLANT-RESPONDENT,
v
BRANDSAFWAY INDUSTRIES, LLC, NEW YORK POWER AUTHORITY, MAID OF THE MIST CORPORATION, MAID OF THE MIST ENTERPRISES, INC., AND MAID OF THE MIST HOSPITALITY, LLC, DEFENDANTS-RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ETHAN W. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (NORMAN B. VITI, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT BRANDSAFWAY INDUSTRIES, LLC. 
HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS NEW YORK POWER AUTHORITY, MAID OF THE MIST CORPORATION, MAID OF THE MIST ENTERPRISES, INC., AND

 Appeal and cross-appeals from an order of the Supreme Court, Niagara County (Edward Pace, J.), entered November 27, 2023. The order denied the motion of plaintiff for partial summary judgment and denied in part the motion and cross-motion of defendants for summary judgment. 
Now, upon reading and filing the stipulation of partial discontinuance signed by the attorneys for defendants-respondents-appellants on June 25, 2025,
It is hereby ORDERED that said cross-appeals are unanimously dismissed insofar as they challenge those parts of the order related to the cross-claims and the order is modified on the law by denying that part of the motion of defendants New York Power Authority, Maid of the Mist Corporation, Maid of the Mist Enterprises, Inc., and Maid of the Mist Hospitality, LLC seeking summary judgment dismissing the Labor Law § 240 (1) claim against them, reinstating that claim against those defendants, and granting that part of the cross-motion of defendant Brandsafway Industries, LLC seeking summary judgment dismissing the Labor Law § 241 (6) claim against it and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking to recover damages for injuries that he sustained when he fell from a scaffold ladder while working as an employee of a nonparty on a project to construct two boats to be used for tours of Niagara Falls. Defendant New York Power Authority (NYPA) owned the property on which the boats were being constructed, and NYPA granted a license and permit to defendants Maid of the Mist Corporation, Maid of the Mist Enterprises, Inc. and Maid of the Mist Hospitality, LLC (collectively, MOTM defendants) to use its property. The MOTM defendants hired plaintiff's employer to serve as the general contractor on the project, and plaintiff's employer then contracted with defendant Brandsafway Industries, LLC (Brandsafway) to erect the scaffolds on the site so that workers could access the top of the boats as they were being constructed. At the time of the accident, plaintiff was attempting to climb the scaffold ladder while carrying a box of wire that weighed 25-30 pounds. No stair towers, ramps or runways had [*2]been constructed before plaintiff's accident.
Following discovery, plaintiff moved for partial summary judgment on the issue of liability against all defendants on his Labor Law § 240 (1) and § 241 (6) claims. Despite reliance on several alleged Industrial Code violations in the bills of particulars, on his motion and on appeal plaintiff narrows his claim to an alleged violation of 12 NYCRR 23-1.7 (f). Defendants NYPA and the MOTM defendants (collectively, codefendants) moved for summary judgment dismissing the complaint against them and for summary judgment on the MOTM defendants' cross-claims against Brandsafway for contractual and common-law indemnification. Brandsafway cross-moved for summary judgment dismissing the complaint against it and seeking an order denying plaintiff's motion for partial summary judgment. In a separate submission, Brandsafway opposed that part of codefendants' motion for summary judgment with respect to contractual and common-law indemnification.
In appeal No. 1, plaintiff appeals and defendants cross-appeal from an order of Supreme Court (Pace, J.) denying plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) and § 241 (6) claims, denying that part of codefendants' motion seeking summary judgment on the Labor Law § 241 (6) claim against them, granting that part of codefendants' motion seeking summary judgment on the Labor Law § 240 (1), § 200 and common-law negligence claims against them, denying that part of codefendants' motion seeking summary judgment on the MOTM defendants' cross-claims for contractual and common-law indemnification, denying that part of Brandsafway's cross-motion seeking summary judgment dismissing the Labor Law § 241 (6) claim against it, and granting that part of Brandsafway's cross-motion seeking summary judgment dismissing the Labor Law § 240 (1), § 200 and common-law negligence claims against it. Although the court, in its order, stated that it was denying Brandsafway's "motion . . . for an [o]rder granting Brandsafway [s]ummary [j]udgment denying [codefendants'] motion for contractual and common-law indemnification from Brandsafway," the record establishes that Brandsafway merely opposed codefendants' motion and did not seek affirmative summary judgment relief for dismissal of those claims against it. Plaintiff thereafter moved, inter alia, to strike the note of issue and to permit discovery with respect to certain video evidence. In appeal No. 2, plaintiff appeals from an order of the court (Sedita, III, J.) that, among other things, granted an evidentiary hearing with respect to codefendants' alleged discovery violations with respect to certain video evidence. On this appeal, plaintiff does not raise any specific challenges to the order in appeal No. 2 and, as a result, we dismiss appeal No. 2 as abandoned (see May v Buffalo MRI Partners, L.P. [appeal No. 2], 151 AD3d 1657, 1658 [4th Dept 2017]; Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
In appeal No. 3, plaintiff appeals and codefendants cross-appeal from an order of the court (Sedita, III, J.), issued following the evidentiary hearing ordered in appeal No. 2. In the order in appeal No. 3, the court, inter alia, denied plaintiff's request to strike the answer of the MOTM defendants as a sanction for discovery violations, directed codefendants' law firm to pay plaintiff's law firm $10,000 as a sanction for discovery violations, and denied plaintiff's motion for leave to renew his motion for partial summary judgment.
We conclude that the court erred in granting that part of codefendants' motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim against them, in denying that part of Brandsafway's cross-motion for summary judgment dismissing the Labor Law § 241 (6) claim against it, and in directing codefendant's law firm to pay $10,000 in sanctions to plaintiff's law firm. We otherwise affirm.
Addressing first the appeal and cross-appeal in appeal No. 3, we reject plaintiff's contention that the court erred in denying his request to strike the MOTM defendants' answer as a sanction for failure to preserve video recordings of the incident. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Helm v Sung-Hoon Yang, 169 AD3d 1458, 1458 [4th Dept 2019] [internal quotation marks omitted]). The party seeking such sanctions must show that: (1) the alleged spoliator was obligated to preserve the evidence "at the time of its destruction"; (2) it "was destroyed with a culpable state of mind"; and (3) it "was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d [*3]543, 547 [2015] [internal quotation marks omitted]). "Generally, striking a pleading is reserved for instances of willful or contumacious conduct" (Giambrone v Niagara Mohawk Power Corp., 175 AD3d 1808, 1809 [4th Dept 2019] [internal quotation marks omitted]; see Pezzino v Wedgewood Health Care Ctr., LLC, 175 AD3d 840, 841 [4th Dept 2019]), and striking a pleading for negligent spoliation is a "drastic sanction that is appropriate only where the missing evidence deprive[s] the moving party of the ability to establish his or her defense or case" (Tomasello v 64 Franklin, Inc., 45 AD3d 1287, 1288 [4th Dept 2007] [internal quotation marks omitted]; see Buffalo Biodiesel, Inc. v Blue Bridge Fin., LLC, 228 AD3d 1274, 1275 [4th Dept 2024]; Mahiques v County of Niagara, 137 AD3d 1649, 1651 [4th Dept 2016]; Simet v Coleman Co., Inc., 42 AD3d 925, 926 [4th Dept 2007]).
Here, the evidence at the evidentiary hearing did not establish that the MOTM defendants engaged in willful, contumacious or negligent conduct when they failed to preserve certain video recordings from surveillance cameras at other parts of the construction site. The MOTM defendants preserved video that captured plaintiff's fall from the scaffold ladder (see De Abreu v Syed Rests. Enters., Inc., 231 AD3d 1116, 1118 [2d Dept 2024]), and had no reason to know at that time that video recordings of other parts of the construction site may be relevant to future litigation. Thus, the video footage that did not depict the accident was erased during the course of normal business procedures (see Dziadaszek v Legacy Stratford, LLC, 177 AD3d 1276, 1278 [4th Dept 2019]). In the absence of a request for other video footage, the MOTM defendants were "not on notice that such footage might be needed for future litigation" (Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736 [2d Dept 2019]), and we conclude that the failure to preserve the other video footage does not prevent plaintiff from establishing his case (see De Abreu, 231 AD3d at 1118; Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968 [2d Dept 2019]; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 841 [2d Dept 2008]).
We further reject plaintiff's contention in appeal No. 3 that, because additional video footage of the accident was disclosed the day before the evidentiary hearing directed by the order in appeal No. 2, additional discovery is necessary. The additional footage depicts the incident from a slightly wider angle than in the footage that was appropriately provided during discovery, and we conclude that additional discovery proceedings are not necessary "to prevent substantial prejudice" (22 NYCRR 202.21 [d]; see Lopez v Barrett T.B. Inc., 38 AD3d 1308, 1310 [4th Dept 2007]; Kephart v Burke, 306 AD2d 924, 925 [4th Dept 2003]). Based on our determination with respect to discovery, we reject plaintiff's contention that the court erred in denying his motion for leave to renew his motion for partial summary judgment.
We agree with codefendants in appeal No. 3 that the court's award of monetary sanctions against the attorney for codefendants is not warranted, and we therefore modify the order in appeal No. 3 accordingly. The court imposed a $10,000 sanction pursuant to CPLR 3126 based on counsel's failure to disclose video recordings of the accident that were on the cell phone of an employee of the MOTM defendants. The undisclosed recordings were similar to the video of the accident that was disclosed to plaintiff, and there is no evidence that codefendants' counsel knew that the employee had the additional videos. A sanction cannot be imposed under CPLR 3126 unless a party or attorney "refuses to obey an order for discovery or willfully fails to disclose information which the court finds ought to have been disclosed" (emphasis added). Here, there is no evidence that counsel for codefendants willfully failed to disclose the subject video recordings, and the court made no finding of an intentional discovery violation. Under the circumstances, we conclude that the court erred in sanctioning counsel. Moreover, although the court stated that the monetary sanction was intended to compensate plaintiff for being "forced to engage in needless litigation because of such nondisclosure" of the videos from codefendants, we note that the litigation referred to by the court was the spoliation hearing, which was based on the MOTM defendants' failure to perserve other video evidence and that hearing would have been held regardless of the alleged discovery violation by counsel for codefendants with respect to the cell phone videos of the accident.
With respect to appeal No. 1, all parties dispute whether Brandsafway constituted an agent under the Labor Law. We agree with Brandsafway that it was not a statutory agent and that the court therefore properly granted those parts of Brandsafway's cross-motion for summary judgment dismissing the Labor Law §§ 200 and 240 (1) claims against it, and that the court should have granted that part of Brandsafway's cross-motion for summary judgment dismissing the Labor Law § 241 (6) claim against it. When work that creates duties under Labor Law §§ [*4]240 and 241 "has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory 'agent' of the owner or general contractor" (Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]). Subcontractors "qualify as statutory agents only with regard to injuries 'sustained in those areas and activities within the scope of the work delegated to [them]' " (Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1432 [4th Dept 2015]; see Smith v MDA Consulting Engrs., PLLC, 210 AD3d 1448, 1449 [4th Dept 2022], lv denied 39 NY3d 910 [2023]; Tanksley v LCO Bldg. LLC, 201 AD3d 1323, 1325 [4th Dept 2022]). Here, although a subcontractor is deemed a statutory agent whenever it controls the injury-producing work or the work site (see Krajnik v Forbes Homes, Inc., 120 AD3d 902, 904 [4th Dept 2014]; Rast v Wachs Rome Dev., LLC, 94 AD3d 1471, 1472 [4th Dept 2012]), plaintiff and codefendants concede that Brandsafway had no authority to supervise or control plaintiff or his work. Although plaintiff and codefendants contend that Brandsafway had control over the work site, i.e., the scaffold, they rely exclusively on section 9 of the subcontract, entitled "SAFETY LAWS," which merely requires Brandsafway to comply with "all applicable safety laws, rules and regulations." There is no language in section 9 of the subcontract that delegates to Brandsafway the authority to supervise or control any part of the work site.
We thus conclude that Brandsafway met its burden of establishing that it was not a statutory agent of the owner or general contractor with respect to the injury-producing work or work site (see Krajnik, 120 AD3d at 904; Brownell v Blue Seal Feeds, Inc., 89 AD3d 1425, 1427-1428 [4th Dept 2011]; Bateman v Walbridge Aldinger Co., 299 AD2d 834, 835 [4th Dept 2002], lv denied 100 NY2d 502 [2003]), and neither plaintiff nor codefendants raised triable issues of fact on the issue of agency. As a result, we conclude that the court erred in denying that part of Brandsafway's cross-motion for summary judgment dismissing the Labor Law § 241 (6) claim against it (see Miller v Savarino Constr. Corp., 103 AD3d 1137, 1140 [4th Dept 2013]), and we therefore modify the order in appeal No. 1 accordingly. We further conclude that the court properly granted Brandsafway's cross-motion insofar as it sought summary judgment dismissing the Labor Law § 240 (1) and § 200 claims against it (see generally Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]; Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]).
We reject the contentions of plaintiff and codefendants that the court erred in granting Brandsafway's cross-motion with respect to plaintiff's common-law negligence claim against it. Although a subcontractor that is not a statutory agent of the owner or general contractor "may still be liable in common-law negligence for dangerous or defective conditions that it fails to remedy despite having actual notice of those conditions" (Pimentel v DE Frgt. LLC, 205 AD3d 591, 593 [1st Dept 2022]), we conclude that Brandsafway established its entitlement to judgment as a matter of law with respect to that claim, and neither plaintiff nor codefendants raised a triable issue of fact to defeat that part of Brandsafway's cross-motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
With respect to plaintiff's claim that codefendants are liable under Labor Law § 241 (6), we conclude that the court properly denied the motions of plaintiff and codefendants for summary judgment on that claim. Contrary to codefendants' contention, Industrial Code section 23-1.7 (f) is applicable to this case. That section provides that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided" (12 NYCRR 23-1.7 [f]). Codefendants contend that 12 NYCRR 23-5.3 (f) is the section that should apply, even though plaintiff has not cited that section in support of his motion or on appeal. Section 23-5.3 (f) provides that "[l]adders, stairs or ramps shall be provided for access to and egress from the platform levels of metal scaffolds which are located more than two feet above or below the ground, grade, floor or other equivalent level." At the time of his accident, plaintiff was using a metal scaffold ladder to access an above-ground platform, which was his working level. Contrary to codefendants' contention, those two provisions are not mutually exclusive (see e.g. Harris v Hueber-Breuer Constr. Co., Inc., 67 AD3d 1351, 1352 [4th Dept 2009]; Sopha v Combustion Eng'g, 261 AD2d 911, 912 [4th Dept 1999]), and both are sufficiently specific to support a Labor Law § 241 (6) claim (see Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 607 [2d Dept 2013]; Baker v City of Buffalo, 90 AD3d 1684, 1685 [4th Dept 2011]).
Contrary to their contentions, neither plaintiff nor codefendants established entitlement to judgment as a matter of law with respect to the Labor Law § 241 (6) claim based on the alleged violation of 12 NYCRR 23-1.7 (f). Although the scaffold did not have any stairways, ramps or runways available for plaintiff to access his elevated work site location, neither plaintiff nor codefendants established as a matter of law whether the nature or the progress of the work prevented installation of stairs on the day of plaintiff's accident (see Baker, 90 AD3d at 1685; cf. Ward v Corning Painted Post Area Sch. Dist., 192 AD3d 1563, 1564-1565 [4th Dept 2021]; Melchor v Singh, 90 AD3d 866, 871 [2d Dept 2011]). Contrary to the additional contentions of plaintiff and codefendants, triable issues of fact exist "whether the failure to provide such [vertical] passage was a proximate cause of the accident" (Davis v Trustees of Columbia Univ. in the City of N.Y., 199 AD3d 481, 482 [1st Dept 2021]; see Baker, 90 AD3d at 1685; cf. Ward, 192 AD3d at 1564-1565; Melchor, 90 AD3d at 871).
We agree with plaintiff that the court erred in granting that part of codefendants' motion for summary judgment dismissing his claim under Labor Law § 240 (1) against them. Labor Law § 240 (1) requires that "protective devices" be used where the work in constructing a structure poses an elevation-related hazard (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]; see Salazar v Novalex Contr. Corp., 18 NY3d 134, 139 [2011]). To begin with, inasmuch as the court properly determined that issues of fact exist whether codefendants violated Labor Law § 241 (6) by failing to add stairs to the scaffold used by plaintiff to access his work area, it necessarily follows that issues of fact exist as to whether plaintiff's alleged negligence in failing to maintain three points of contact while climbing the scaffold ladder was the sole proximate cause of his injuries.
Labor Law § 240 (1) "imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure" (Jock v Fien, 80 NY2d 965, 967-968 [1992]). Moreover, the duty is not merely to provide protective devices but also to ensure that the worker "knew both that they were available and that [the worker] was expected to use them" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]). Nevertheless, "[n]ot every worker who falls at a construction site . . . gives rise to the extraordinary protections of Labor Law § 240 (1)" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]).
The absolute liability imposed by the statute "is necessarily contingent on a violation of" the statute, and "if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289-290 [2003] [emphasis added]). It is thus "conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury" (Noor v City of New York, 130 AD3d 536, 542 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]).
Here, we agree with plaintiff that the court erred in granting that part of codefendants' motion seeking summary judgment dismissing his Labor Law § 240 (1) claim against them, and we therefore further modify the order in appeal No. 1 accordingly. According to plaintiff, the statute was violated because he was not provided any enumerated safety devices for use while climbing the scaffold ladder and such violation was a proximate cause of his accident. Moreover, based on plaintiff's deposition testimony that there was no reasonable alternative to carrying by hand the box of wire up the scaffold ladder, a jury could find that "the ladder did not provide proper protection to plaintiff by itself, without the use of additional [or alternative] precautionary devices or measures" (Smith v Fayetteville-Manlius Cent. School Dist., 32 AD3d 1253, 1254 [4th Dept 2006]; see Milligan v Tutor Perini Corp., 191 AD3d 437, 437-438 [1st Dept 2021]; Smith v Picone Constr. Corp., 63 AD3d 1716, 1717 [4th Dept 2009]; Carino v Webster Place Assoc., LP, 45 AD3d 351, 351-352 [1st Dept 2007]), and plaintiff's conduct in failing to maintain three points of contact with the scaffold ladder while carrying the box was "at most comparative negligence, which is not a defense to a Labor Law § 240 (1) claim" (Sanchez v MC 19 E. Houston LLC, 216 AD3d 443, 444 [1st Dept 2023]).
On the other hand, we reject plaintiff's contention that he is entitled to summary judgment with respect to liability on his section 240 (1) claim against codefendants. A jury could reasonably find on this record that the scaffold ladder itself "was suitable and appropriate for [*5]plaintiff's proper protection without the use of additional [or alternative] devices or measures" (Garhartt v Niagara Mohawk Power Corp., 192 AD2d 1027, 1029 [3d Dept 1993]), i.e., that plaintiff should have known from his training, prior practice, and common sense to use a rope to hoist the box up to the work site rather than carrying it, and his choice to carry it was the sole proximate cause of his injuries (see Ward, 192 AD3d at 1564). Under the circumstances, we conclude that whether the scaffold ladder provided proper protection to plaintiff and whether plaintiff's alleged negligence was the sole proximate cause of his injuries are issues for the jury to resolve at trial.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court